IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOD L. ALEXANDER,<br><br>          Plaintiff,<br><br>vs.<br><br>MARK W. EVERSON, Commissioner of the Internal Revenue Service, JONI BROADBENT, JOHN NGUYEN, B. STRUDEL, and JEFFREY D. EPPERLY,<br><br>          Defendants. | Case No. 05-1129-JTM |

**MEMORANDUM AND ORDER**

      This matter comes before the court on the defendants' Motion to Dismiss (Dkt. No. 9). The United States argues that this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The United States also requests that the court impose sanctions against plaintiff under Fed. R. Civ. P. 11(b). In response, plaintiff filed a separate Motion for Sanctions (Dkt. No. 13) to be imposed on defendants' attorney LaQuinta Taylor-Phillips under Fed. R. Civ. P. 11(c). After reviewing the briefs, the court grants defendants' Motion to Dismiss but denies the imposition of sanctions on either party.

**A. STANDARD FOR DISMISSAL UNDER 12(b)(1)**

      Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. <u>Castaneda v. INS</u>, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it

becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs,, 895 F. Supp. 279, 280 (D. Kan.1995) (citing Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. Id. When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. Jensen v. Johnson County Youth Baseball, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Jurisdictional challenges under Rule 12(b)(1) typically take two forms: facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject-matter jurisdiction." Goslin v. Kickapoo Nation Dist. Ct., No. 98-4107-SC, 1998 WL 1054223, at *1 (D. Kan. Dec. 2, 1998). The Tenth Circuit has stated that "a district court must accept the allegations in the complaint as true" when reviewing a facial attack on a complaint. Holt, 46 F.3d at 1002.

**B. ANALYSIS**

On or about May 5, 2005, plaintiff filed a complaint against the above-named defendants stating that it was an "action to show cause for and to discharge." Plaintiff claimed jurisdiction on grounds other than diversity but did not specify the grounds. The relief that plaintiff seeks is "to show cause and discharge." With his complaint, plaintiff attached copies of the IRS notices of tax liens, notices of levy, a notice of intent to levy, and a letter regarding plaintiff's federal income taxes. Plaintiff also attached affidavits in which he refuses to accept those documents. In

essence, plaintiff's complaint asserts that there is no law that makes him liable for income taxes.

In their motion, defendants present three arguments as a basis for dismissal. First, the defendants argue that plaintiff's action is against the United States. Second, defendants argue that the United States is immune from prosecution based on sovereign immunity. Finally, the defendants argue that the Anti-Injunction Act bars plaintiff's complaint. Based on the frivolous nature of the suit, defendants request this court to impose sanctions. Plaintiff, however, argues that sanctions should be assessed against defendants' counsel.

**1. The United States as Party**

Where a party seeks relief from actions of a federal officer, the court examines whose activities the action is really intended to restrain. Where the results of the judgment would restrain or compel an officer's action taken within his or her official powers, the action is deemed to be against the United States. Louisiana v. McAdoo, 234 U.S. 627, 629, 632 (1914).

Plaintiff brought this action against the IRS Commissioner Mark Everson and several IRS employees. The documents attached to plaintiff's complaint all relate to the official actions of Mr. Everson and his employees. Plaintiff challenges the United States as a party with his assertion that the defendants acted outside the scope of their authority given by law to the offices of the IRS when they identified plaintiff's property. Plaintiff also argues that defendants acted in their personal capacity. The court does not find this to be the case. There is nothing to support that defendants acted in their personal capacity. Any relief which plaintiff seeks relates to the defendants' official capacity and would affect the public fisc. Thus, the United States is the true party in this action.

The court also finds no merit in plaintiff's argument that he cannot identify who brought the motion to dismiss. Plaintiff argues that defendants' counsel identified the United States and the United States of America as the same party. Plaintiff's argument over semantics is without merit. Plaintiff's distinction is without a difference. Furthermore, the argument does not refute defendants' assertion that the United States is a real party in this action.

**2. Sovereign Immunity**

Since the United States has been identified as the true party in this action, the court proceeds to the related issue of whether the state has waived sovereign immunity. It is axiomatic that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586-87 (1941) (citations omitted). See also United Tribe of Shawnee Indians v. U.S., 253 F.3d 543, 547 (10th Cir. 2001) (quoting In re Talbot, 124 F.3d 1201, 1206 (10th Cir. 1997) ("[a]ny waiver must be construed strictly in favor of the sovereign and not enlarged beyond what [its] language requires.").

In his complaint, plaintiff cited no authority that would permit him to commence this action. In his response, plaintiff argues that this action arises under common law. However, common law does not provide a sufficient basis for an action against a sovereign entity in this action. See Brown v. District Director, No. 01-D-1625, 2002 WL 1760847, at *7 (D. Colo. July 15, 2002) (finding no waiver of sovereign immunity for common law torts); Christensen v. Ward, 916 F.2d 1462, 1472-73 (10th Cir. 1990) (citations omitted) (noting that "the doctrine of immunity is inherent in the status of the government as a sovereign" and "deeply rooted in the

4

precedent of common law countries"). Thus, plaintiff fails to bring a statutory basis of consent.

### 3. Anti-Injunction Act

Finally, the Internal Revenue Code of 1986 limits plaintiff's action. Under 26 U.S.C. § 7421(a), known as the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court ...." The purpose of § 7421(a) is to preclude the state and federal courts from maintaining jurisdiction over suits seeking to enjoin the assessment or collection of federal taxes. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5, (1962).

A party may be excepted from § 7421 in limited circumstances: 1) where it is shown that the collection of taxes would cause irreparable injury and there is no adequate remedy at law; and 2) where it is found, under the most liberal view of the law and the facts, that the government has no chance of ultimately prevailing in the case. Id. at 6-8. See also Wyoming Trucking Ass'n, Inc. v. Bentsen, 82 F.3d 930, 932-33 (10th Cir. 1996); Lonsdale v. United States, 919 F.2d 1440, 1442 (10th Cir. 1990). The party seeking the injunction has the burden of proving that both of these circumstances exist. Lonsdale, 919 F.2d at 1442.

The express language of the Anti-Injunction Act bars plaintiff's complaint. Furthermore, his action does not state that he falls within the limited exception of § 7421. Plaintiff has failed to show that he has no adequate remedy at law and that the government has no chance of prevailing. Rather, plaintiff does have another remedy at law. As defendants assert, plaintiff could commence a refund suit after paying the taxes at issue and filing an administrative claim for refund with the IRS. See 26 U.S.C. § 7422(a); United States v. Felt & Tarrant Mfg. Co., 283

U.S. 269, 270 (1931); Flora v. United States, 362 U.S. 145 (1960).

In plaintiff's response, he recites language challenging the IRS commissioner's authority and the ability of the federal government to collect income taxes. The foundation of plaintiff's argument is that individuals have a fundamental right to their labor and the government may not choose to deny such a fundamental right through collecting revenues. In support of his argument, plaintiff discusses bailments, ejusdem generis, and foreign trusts. He also equates federal income tax with involuntary servitude and the IRS's collection action to a bill of attainder.

The court has considerable difficulty following plaintiff's reasoning or the relevance of the cited legal authority. The general principles that plaintiff cites are not directly relevant to this action. Rather, based on the nature of plaintiff's arguments, the court finds that this is the type of action that the Anti-Injunction Act was intended to limit. Plaintiff has not stated a basis for subject matter jurisdiction. His brief merely recites arguments common in taxpayer suits that federal courts have repeatedly rejected. See, e.g., Lonsdale, 919 F.2d at 1447-48; Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982); Commissioner v. Granzow, 739 F.2d 265, 267-68 (7th Cir. 1984). This court also rejects plaintiff's argument that there is no law that imposes liability on him for income taxes.

**4. Sanctions**

Both parties move for sanctions in this case. Defendants argue that this is a frivolous action that merits sanction under Rule 11(b). Plaintiff argues that the court should impose sanction on defendants' counsel pursuant to Rule 11(c). However, plaintiff does not state a basis for imposing sanctions.

Rule 11 provides a means by which federal courts may impose sanctions on persons who made representations to the court.  Fed. R. Civ. P. 11(b)-(c).  A person's actions must be objectively reasonable to avoid Rule 11 sanctions.  See Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988). The court will consider a litigant's pro se status in determining whether to impose Rule 11 sanctions.  See Fed. R. Civ. P. 11 advisory committee notes (1983 amendment) ("[T]he court has sufficient discretion to take account of the special circumstances that often arise in pro se situations.").  Farrell v. United States Tax Court, 647 F. Supp. 944, 946 (D. Kan. 1985) (considering the complexities of the Internal Revenue Code in deciding not to impose sanctions on a pro se litigant).

In its discretion, while plaintiff's claims might well be deemed frivolous, the court will not sanction plaintiff, having considered his pro se status and the complexity of tax claims.  Further, the record does not indicate that plaintiff has previously brought similar actions.  However, plaintiff is now clearly on notice that such claims are wholly without merit.

As to plaintiff's motion for sanctions against defendants, the court finds absolutely no basis or support for them.  The motion is denied.

IT IS ACCORDINGLY ORDERED this 23d day of August 2005, that the court grants defendants' Motion to Dismiss (Dkt. No. 9) but denies defendants' request for sanctions.

IT IS FURTHER ORDERED that the court denies plaintiff's Motion for Sanctions (Dkt. No. 13).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE